## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| REV BLAKES, | ) |
|     Petitioner, | ) ) ) |
|     v. | )    Case No.  12-cv-1158 |
| UNITED STATES OF AMERICA, | ) ) ) |
|     Respondent. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's denial of his § 2255 Motion.[1] (Doc. 16). For the reasons stated below, the Motion for Reconsideration is denied.

In 2007, Petitioner was convicted of and sentenced in this Court for possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), which was a "Class B" felony because of the maximum sentence of 40 years it then carried. In 2011, Petitioner's supervised release was revoked, and, because his underlying crime was a "Class B" felony, he was sentenced to 30 months' imprisonment under 18 U.S.C. § 3583(e)(3). In his § 2255 Motion, Petitioner argued, in effect, that the Court should have reclassified underlying crime as it would have been had it been committed in 2011, not as it was in 2007 – if Petitioner had been convicted in 2011, his crime would

---

[1] At the time it denied his § 2255 Motion, the Court also declined to issue a Certificate of Appealability and instructed Petitioner that he could apply to the Court of Appeals for a Certificate. (Doc. 13 at 6). Petitioner has now filed a Notice of Appeal in this case. (Doc. 19).

have been a "Class C" felony because the maximum penalty had been reduced to 20 years.[2] As the Court framed it, the question presented concerned the nature of a crime's classification – did it attach upon commission/conviction, or was it a variable characteristic? After much research into the question, the Court discovered a case, *United States v. Quillman*, indicating that an offense's classification attached upon commission of the offense, and did not vary due to later changes in the offense's potential sentence. (Doc. 13 at 4-5 (citing 409 Fed.Appx. 18, 21 (7th Cir. 2011)). The Court thus concluded that it had been proper to define Petitioner's underlying offense as a "Class B" felony upon revocation of his supervised release, though later commission of that same offense would have resulted in a "Class C" classification.

In *Quillman*, the maximum penalty had become more severe between the time of the offense and the revocation of supervised release, and this Court noted that consistently using the classification applicable at the time of commission avoided any potential *ex post facto* problems presented by such a change. (Doc. 13 at 5 fn. 7). Petitioner has seized upon this observation in his Motion for Reconsideration, arguing that the *Quillman* court's need to avoid this *ex post facto* problem distinguishes his case from that one. On the contrary, the *Quillman* court did not mention any *ex post facto* issues, and did not rely on that rationale in approving the use of the classification at the time of commission; *Quillman* did not

---

[2] Petitioner, both in his § 2255 Motion and his instant Motion for Reconsideration, refers to 18 U.S.C. § 3553(a)(4)(B)'s instruction that courts should consider amendments to the Sentencing Guidelines and sentencing policy statements. However, this focus misses the point – Petitioner's complaint concerns the classification of his crime, which is based on the statutory maximum penalty, not the application of the amended Sentencing Guidelines or other policy statements.

depart from an otherwise-established rule in order to avoid an *ex post facto* issue, as Petitioner appears to believe. Instead, it merely relied, without further discussion, upon an already-established rule that had been implemented by the district court.

Moreover, the major goal of statutory interpretation is to formulate rules and interpretations that can apply in all cases while avoiding constitutional problems. What Petitioner seeks is for the courts to apply whatever offense classification most benefits the offender at the time of revocation – if the penalty becomes more severe, then the classification should attach upon commission of the offense, but if it becomes less severe, then the classification should change at the time supervised release is revoked. This type of rule flies in the face of consistent and evenhanded statutory interpretation. Courts should apply the same rule for all persons; sometimes that rule will benefit an individual, while other times it will not. The important point is that it is the same rule across the board. The interpretation applied in *Quillman* and in this case, that an offense's classification attaches upon its commission, can be applied to all without running afoul of any constitutional protections, which means that it is the correct interpretation.

Aside from this focus on *Quillman*, Petitioner's Motion for Reconsideration merely rehashes his arguments from his § 2255 Motion and does not show any reason for the Court to depart from its prior ruling denying the § 2255 Motion. Accordingly, Petitioner's Motion for Reconsideration (Doc. 16) is DENIED, and his Motion for Status is DENIED AS MOOT. IT IS SO ORDRED.

CASE TERMINATED.

Entered this <u>9th</u> day of January, 2013.

                                                                               s/ Joe B. McDade
                                                                       JOE BILLY McDADE
                                       United States Senior District Judge